# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| PEGGY ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:10-cv-183 |
| | ) | • JUDGE HAYNES |
| WAL-MART STORES EAST, LP and | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

## INITIAL CASE MANAGEMENT ORDER *No. Lqy.*

---

### I. Jurisdiction and Venue

The Plaintiff filed a Complaint in Davidson County Circuit Court on or about January 4, 2010. The Defendants, Wal-Mart Stores East, LP and Wal-Mart Stores, Inc., were served with the Complaint on or about January 25, 2010. The Plaintiff is a citizen and resident of Nashville, Davidson County, Tennessee. The Defendants are a foreign corporations, authorized to be and doing business in Nashville, Davidson County, Tennessee, wherein the allegations set forth in the complaint occurred. The Defendant sought removal to this Honorable Court on or about February 23, 2010, pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441. The Defendant filed an Answer to the Complaint on or about February 23, 2010. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.[1]

### II. Parties' Theories of the Case

#### 1. Plaintiff's Theory of the Case

The Plaintiff was hired by the Defendant on or about November 17, 2006. The Plaintiff is disabled pursuant to the Tennessee Disability Act. The Defendant refused reasonable accommodation

---

[1] The proper Defendant is Wal-Mart Stores East, L.P. Therefore, the parties will be filing an agreed motion to amend the caption to reflect the proper heading.

Case 3:10-cv-00183   Document 14   Filed 04/01/10   Page 1 of 6

Case 3:10-cv-00183   Document 18   Filed 04/22/10   Page 1 of 5 PageID #: 187

for Plaintiff's disability. On or about February 2009 and continuing through March 10, 2009, the Defendant continually discriminated against the Plaintiff. On or about March 10, 2009, the Plaintiff was notified that she was terminated for being slow. Plaintiff avers her disability did not prevent her from performing the essential functions of her job. Plaintiff's requests for accommodation and transfer were denied. Plaintiff submits she was terminated due to her disability and/or in retaliation for reporting discrimination.

### 2. Defendant's Theory of the Case

Wal-Mart denies the allegations. In the twelve months preceding her termination, Wal-Mart twice disciplined (or "Coached") Plaintiff for violating the attendance policy. It also Coached her for unauthorized use of company time because she cashed her paycheck while on the clock. On or about March 10, 2009, Plaintiff (a Stocker) returned freight to the backroom and told another Associate that it was "live" (i.e., that it could fit on the shelves) but that she was going to tell management that it was "overstock" (also known as "backstock") in order to meet Wal-Mart's time guidelines for placing merchandise on the sales floor. Assistant Manager Kasey Brooks overheard this conversation, approached Ms. Armstrong, and questioned her about the freight. Ms. Armstrong stated that the freight was overstock. Because the managers previously suspected that Ms. Armstrong was returning live freight to the backroom and erroneously claiming that it was backstock, Ms. Brooks walked to the sales floor with Ms. Armstrong, determined that the shelves were not full, and began to help her stock the freight. Ms. Armstrong ultimately fit approximately 80% of the freight on the shelves. When Ms. Brooks asked Ms. Armstrong why she (Ms. Armstrong) had not previously stocked the freight, Ms. Armstrong had no explanation and, instead, began crying. Because Ms. Armstrong returned live freight to the backroom and was not honest about doing so, Ms. Brooks recommended her termination – consistent with the Coaching for Improvement Policy – for Misconduct with Coachings. Store Manager Randy Bowling approved. At the time of Ms. Armstrong's termination, neither Mr. Bowling nor Ms. Brooks considered Ms. Armstrong to be disabled.

Plaintiff cannot show that non-disabled Associates were treated more favorably because Wal-Mart has Coached at least four other Associates for returning live freight to the backroom. Plaintiff was

terminated because she was on the last step of the Coaching process. To Wal-Mart's knowledge, none of the individuals Coached for this misconduct are disabled. Further, Plaintiff never asked for an accommodation of her alleged disability.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days, <u>Wednesday, May 16, 2010</u>, from the date of the initial case management conference.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days, <u>Monday, July 19, 2010</u>, from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

#### C. Other Pretrial Discovery Matters    _Tuesday, April 13,_

As determined at the case management conference on ~~Friday~~, April 16, 2010, this action is set for a jury trial on _April 5, 2011_ , at 9:00 a.m. If this action is to be settled, the Law Clerk shall be notified by noon, _Friday, April 1, 2011_ . If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _Mon. March 21, 2011_ , at ~~1:30~~ _3:00_ p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on <u>Monday, October 18, 2010</u>. All written discovery shall be submitted in sufficient time so that the response shall be in hand by <u>Monday, October 18, 2010</u>. All discovery related statements shall be filed by the close of business on <u>Monday,</u>

October 25, 2010. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[2] and Daubert motions shall be filed by the close of business on <u>Thursday, November 18, 2010</u>, and any response thereto shall be filed by the close of business on <u>Friday, December 17, 2010</u>. Any reply shall be filed by the close of business on <u>Monday, December 27, 2010</u>.[3] **Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers in Megan_Gregory@tnmd.uscourts.gov.**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to thirty (30) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on <u>Tuesday, August 17, 2010</u>, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on <u>Friday, September 17, 2010</u>, the defendants shall declare to the

---

[2]No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[3]Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on Friday, October 1, 2010. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

WILLIAM J. HAYNES, JR.
United States District Judge

Approved for entry:

LAW OFFICE OF DONALD D. ZUCCARELLO

/s/ Nina Parsley
Donald D. Zuccarello, [BPR No. 15092]
Nina Parsley [BPR No. 23818]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*


WALLER LANSDEN DORTCH & DAVIS

/s/ Michelle Coburn, with permission by Nina Parsley
Michelle Coburn, [BPR No. 22731]
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
(615) 244-6804 Facsimile
*Attorney for the Defendants*